OPINION
Defendant-appellant, Vincent Lella, Jr., appeals the trial court's decision overruling his Civ.R. 60(B) motion for relief from judgment and to dismiss the parties' divorce decree. Appellant alleges that the trial court did not have personal jurisdiction over him.
Appellant and appellee, Debra A. Lella, were married in New Jersey in April 1986. After the marriage, they briefly lived together in San Diego, California. Between February and May 1987, appellee lived in Ohio while appellant completed his Naval service in San Diego. The parties moved to New Jersey in 1987, and lived there together until February 26, 1995, when appellee moved back to Ohio. On February 24, just before appellee left New Jersey, the parties entered into an "Interim Property Settlement Agreement" which purported to encompass custody, visitation, support, alimony, property rights, equitable distribution, and similar provisions on an interim basis. The agreement allowed appellee to relocate in Ohio with the parties' minor children. Among other provision, the agreement called for appellant to pay child support to appellee in Ohio, and also provided for "reasonable and liberal visitation" with the children in Ohio. Appellant sent several support payments to appellee in Ohio, before ceasing payment sometime in late 1995 or early 1996.
On January 9, 1996, appellee filed for divorce in the Butler County Court of Common Pleas, Domestic Relations Division. Appellant engaged a New Jersey attorney to represent him, and the parties' attorneys corresponded at length about the terms of the divorce and final decree. On May 23, 1996, appellee's attorney faxed a proposed divorce decree to appellant's attorney reflecting six changes appellant had previously sought.
The final hearing was scheduled for May 28, 1996. That day, appellant contacted the court to ask for a continuance, and the trial court responded by continuing the hearing to the following day. Appellant, however, did not appear for the final hearing on May 29, and the court proceeded to hold a non-contested hearing based upon the proposed divorce decree faxed to appellant on May 23. As it turns out, appellant was on his way to the final hearing from New Jersey, but his car broke down. Appellee's attorney subsequently prepared a final divorce decree which the trial court journalized on August 16, 1996.[1] Appellant did not file a timely appeal of that decree.
On October 15, 1996, appellant filed a motion for relief from judgment. He argued the trial court did not have personal jurisdiction over him to enter judgment with regard to child support, custody, and the division of property.[2] The trial court, however, held that "Mr. Lella's contacts with Ohio have been extensive when viewed in a cumulative manner." The court noted that appellant entered into the interim property settlement agreement with full knowledge that his children would be residing in Ohio, that he would be paying child support in Ohio, and that he would have substantial visitation with his children in Ohio. The court specifically found that after February 1995, appellant's "relationship with his children has been conducted primarily in the state of Ohio." The court also noted that appellant traveled to Ohio to appear in court in April 1996, and that the parties continuously sought to negotiate a settlement agreement in the Ohio proceeding. Although the trial court rejected appellee's contention that both parties had "lived in a marital state" in Ohio in 1987, the record indicates that appellant visited appellee at her parents' home in Ohio.
Appellant cites this court's decision in Stanek v. Stanek (Sept. 26, 1994), Butler App. No. CA94-03-080, unreported, for the proposition that the trial court did not have personal jurisdiction. That decision, however, is distinguishable. In that case, the parties lived briefly in Ohio in 1972, before moving to the state of New York in 1973. Id. at 5. Twenty years later, Mrs. Stanek moved back to Ohio and subsequently filed a divorce complaint in Ohio. The trial court concluded that it had personal jurisdiction over Mr. Stanek because the parties had lived in Ohio together twenty years before. See Civ.R. 4.3(A)(8) (long-arm statute applies to person who lived in marital relationship in Ohio, if the other party to the marital relationship continues to reside in Ohio). This court reversed that decision. This court concluded that since Mrs. Stanek did not continuously reside in Ohio, Civ.R. 4.3(A)(8) was not applicable. Id. at 6. This court specifically found there was "no other evidence that leads this court to believe that appellant had sufficient minimum contacts with Ohio such that the trial court had personal jurisdiction." Id. (Emphasis added.)
Unlike the appellant in Stanek, there is evidence here that appellant availed himself to Ohio's jurisdiction. In this case, appellant entered into an interim property settlement agreement providing that his children would reside in Ohio, that he would pay child support in Ohio, and that he would have substantial visitation with his children in Ohio. After appellee filed her divorce complaint in Ohio, appellant was active in settlement negotiations. Moreover, appellant never raised the personal jurisdiction issue during the pendency of the action. Appellant first raised his personal jurisdiction argument only after the appeal period had lapsed. After reviewing the record, this court now affirms the trial court's conclusion that appellant had sufficient minimum contacts with the state of Ohio to satisfy jurisdictional requirements.[3]
The trial court had personal jurisdiction over appellant. Therefore, the trial court did not err in overruling his Civ.R. 60(B) motion or his motion to dismiss. Appellant's single assignment of error is overruled.
Judgment affirmed.
KOEHLER and POWELL, JJ., concur.
[1] Appellee's attorney made three changes to the final decree that were not part of the May 23 proposed decree that he had faxed to appellant's attorney. This fact, however, has no bearing on the jurisdictional issue raised in this case.
[2] To the extent a divorce decree determines marital status, it is a judgment in rem, and there is no question that the trial court had jurisdiction to terminate the marriage itself. See Pasqualone v. Pasqualone (1980), 63 Ohio St.2d 96, 103.
[3] Civ.R. 4.3, Ohio's long-arm statute, determines who may be served with process out-of-state. Civ.R. 4.3(A)(1) states in pertinent part:
 Service of process may be made outside of this state, * * * in any action in this state, upon a person who at the time of service of process is a nonresident of this state or is a resident of this state who is absent from this state. The term "person" includes an individual * * * who * * * has caused an event to occur out of which the claim which is the subject of the complaint arose, from the person's * * * [t]ransacting any business in this state[.]